IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02004-OES

JAMES CREED BUCKMAN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
INDEPENDENCE HOUSE NORTH,

    Defendants.

---

### ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff James Creed Buckman is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The Court must construe the Complaint liberally, because Mr. Buckman is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Buckman will be ordered to file an Amended Complaint and to show cause why the action should not be dismissed for failure to exhaust the DOC administrative grievance procedure.

The Court has reviewed Mr. Buckman's Complaint and has determined that it is deficient. Mr. Buckman asserts three claims that arise from his placement at Independence House North, a halfway house. As his first claim, he alleges that Defendants seized and lost his property. In his second claim, he contends that he was required to take antabuse treatments, which were harmful to him causing damage to his liver. As a third claim, Plaintiff maintains that Defendants lost and misplaced his papers.

The Court has reviewed the Complaint and has determined that it is deficient. Mr. Buckman may not sue the DOC or the Independence House North. The State of Colorado and its entities are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, **see Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). Therefore, to the extent Mr. Buckman seeks money damages, the DOC and the Independence House North are improper parties to this action.

Mr. Buckman also is instructed that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th

Cir. 1976). To establish personal participation, Mr. Buckman must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Mr. Buckman will be ordered to file an Amended Complaint in which he sues the proper Defendants and alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations.

In addition, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Buckman is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies as to each of his claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Buckman must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

3

Although Mr. Buckman asserts, in response to Question Two under Section "F. Administrative Relief," on Page Seven of the Complaint form, that the DOC has no formal procedure to address the claims he raises, the Court notes that under DOC Administrative Regulations No. 850-04 IV.A.2. the grievance procedure is available to offenders who have been released to parole, community, or ISP supervision. Therefore, Mr. Buckman will be required to respond and state why he failed to exhaust his claims in keeping with the DOC regulations. Accordingly, it is

ORDERED that Mr. Buckman file **within thirty (30) days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Buckman, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Buckman submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

4

FURTHER ORDERED that, if Mr. Buckman fails to comply with this Order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 29 day of November, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02004-OES

James C. Buckman
Prisoner No. 52384
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _11-29-05_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk