IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 5 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02004-BNB

JAMES CREED BUCKMAN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
INDEPENDENCE HOUSE NORTH,

    Defendants.

---

## ORDER GRANTING MOTION TO RECONSIDER, VACATING THE DISMISSAL, AND DISMISSING THE COMPLAINT AND ACTION ON THE MERITS

Plaintiff James Creed Buckman is incarcerated at the Colorado Department of Corrections and currently is held at the Sterling, Colorado, Corrections Facility. On March 15, 2006, Mr. Buckman filed a *pro se* "Motion to Clarify Extention [sic] of Time and Continue with Proceeding in Civil Action." In the Motion, Mr. Buckman asks the Court to set aside the February 24, 2006, Order, that denied the instant Prisoner Complaint and dismissed the action. The Court must construe the filing liberally, because Mr. Buckman is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The February 24, 2006, Order dismissed the Complaint and action, because Plaintiff had failed to file an Amended Complaint.

Mr. Buckman's Motion, which was filed more than ten days after the Court's Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

In the Motion, Plaintiff asserts that the Court granted him an extension of time to file an Amended Complaint on January 5, 2006, but did not indicate a time frame by which he was to file the Amended Complaint. The Court finds that inadvertently a

reference to a thirty-day time period was not included in the January 5 Minute Order. Accordingly, the Court will vacate the February 24, 2006, Order and consider the Amended Complaint that Plaintiff filed on March 20, 2006.

The Court must construe the Amended Complaint liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which a plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

Mr. Buckman has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to dismiss *sua sponte* an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Mr. Buckman sets forth three claims in the Amended Complaint. In Claim One and Three, he asserts that after he was reincarcerated for leaving a halfway house without permission the halfway house refused to release his property. He further alleges that his property now has been misplaced or lost. In Claim Two, Plaintiff

asserts that during his stay at the halfway house he was forced to undergo treatment for alcohol abuse. He further claims that, even though it was not a condition of his placement in the halfway house, he was coerced into taking the antabuse treatments by the halfway house staff members. He also asserts that staff members told him if he did not undergo the treatments he would be removed from the community corrections program and regressed to prison. Plaintiff seeks money damages. Plaintiff also asserts that there is no administrative remedies for money damages at the DOC facility where he currently is housed.

Magistrate Judge O. Edward Schlatter directed Plaintiff, in the November 29, 2005, Order to amend the Complaint and to assert personal participation by named Defendants. Plaintiff was instructed that personal participation is an essential allegation in a civil rights action. Plaintiff also was told he must show that each named Defendant caused the deprivation of a federal right.

Nonetheless, despite Magistrate Judge Schlatter's directions to allege specific facts to demonstrate how each named Defendant personally participated in the asserted constitutional violations, Mr. Buckman still fails, in the Amended Complaint, to allege personal participation by any of the named Defendants. Mr. Buckman fails to assert how Defendants Suzanne Jungclause and Dan Montoyo, who are named as Defendants in the Amended Complaint, were responsible for the alleged constitutional violations. Therefore, because the facts Mr. Buckman asserts do not support arguable claims against the named Defendants, the Court finds that the Amended Complaint is legally frivolous.

Furthermore, with respect to Claims One and Three, an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543 (10th Cir. 1989). Although Plaintiff asserts that he is not able to obtain money damages under the DOC administrative remedies, he has filed a notice of intent to bring a civil suit under Colo. Rev. Stat. § 24-20-109(1). Upon review of §§ 24-20-104 to 109, it appears that Plaintiff has a meaningful remedy in state court for challenging the alleged theft of his property. The Court, therefore, does not find a due process violation in Plaintiff's property claims. Accordingly, it is

ORDERED that Plaintiff's construed Motion to Reconsider, filed March 15, 2006, is granted. It is

FURTHER ORDERED that the February 24, 2006, Order and Judgment of Dismissal is vacated. It is

FURTHER ORDERED that Plaintiff's request for an extension of time to file an Amended Complaint is denied as moot. It is

FURTHER ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

DATED at Denver, Colorado, this 4 day of April, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02004-BNB

James C. Buckman
Prisoner No. 52384
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___4-5-06___

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk